O/JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES - GENERAL**</u>

Case No. CV08-03596-DOC(MLGx)                                         Date: September 24, 2008

Title: LUSA LIGHTING, INC. V. LOWE'S COMPANIES, INC., ETC.

---

DOCKET ENTRY
        [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                    Date:_____ Deputy Clerk: _____

---

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>   Kristee Hopkins   </u>                                              <u>   Not Present   </u>
    Courtroom Clerk                                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                         NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO DISMISS FOR IMPROPER VENUE

        Before the Court is Defendant Lowe's Companies, Inc.'s ("LCI") Motion to Dismiss Plaintiff Lusa Lighting, Inc.'s ("Lusa") Complaint for Lack of Personal Jurisdiction and Improper Venue pursuant to Fed. R. Civ. P. 12(b)(2)&(3) (the "Motion"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court hereby GRANTS Defendant's Motion and DISMISSES Plaintiff's complaint WITHOUT PREJUDICE.

**I. BACKGROUND**

        Lowe's Companies, Inc. ("LCI") is a North Carolina corporation with its principal place of business in Raleigh, North Carolina. LCI does not use, sell or make the accused product in California. It is not licensed to do business in California and it does not do so. A wholly-owned LCI subsidiary – Lowe's HIW, Inc. ("LHIW") – owns and operates all Lowe's stores located in California. LHIW is a Washington corporation having its principal place of business in Tukwila, Washington.

Lusa Lighting, Inc. ("Lusa") is a corporation organized and doing business under the laws of the State of California. Lusa holds the patent to certain high voltage under-cabinet lighting fixtures, including Patent No. 6,491,413 (the "'413 Patent") . In January 2005, a Master Standard Buying Agreement (the "Agreement") was entered into between LG Sourcing, Inc. (a corporate affiliate of LCI and LHIW) and Lusa. LCI and LHIW are third-party beneficiaries of said Agreement. Under the Agreement, Lusa is to supply its products to LG Sourcing ("LGS") for its corporate affiliates for retail sale in Lowe's stores nationwide.

The Agreement contains a mandatory venue provision that requires that all disputes arising out of, or related to, the Agreement be resolved in the federal and state courts of Wilkes County, North Carolina. Ex. A ("The parties agree that the courts within the State of North Carolina will have exclusive jurisdiction with venue being in Wilkes County, State of North Carolina, USA.") The Agreement is automatically renewed annually, unless either party gives 60 days written notice.

Lusa brought the present suit on July 8, 2008, alleging that LCI and LHWI were infringing on Lusa's '413 Patent by selling infringing lighting fixtures at retail outlets. LCI now argues that Lusa's suit against LCI should be dismissed for lack of personal jurisdiction as to LCI and for lack of proper venue over both Defendants.

## II. LEGAL STANDARD

### A. Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a court must dismiss a case for "lack of jurisdiction over the person." When a claim is brought based on the patent laws, for which the right of appeal lies with the Federal Circuit, the Court must apply the law of the Federal Circuit to determine whether it has personal jurisdiction over a defendant. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002).

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of making a prima facie showing of jurisdictional facts. *Silent Drive, Inc. v. Strong Indus*., 326 F.3d 1194, 1201 (Fed. Cir. 2003) (citations omitted). The required prima facie showing must be of either general or specific jurisdiction.

Because there is no federal statute controlling the Court's exercise of personal jurisdiction, federal courts must look to the forum state's jurisdictional statute to determine whether it is proper to assert personal jurisdiction. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1457 (Fed. Cir. 1997). The California long-arm statute provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. California courts have held that the limits of the state long-arm statute are co-extensive with the limits of the federal constitution. *Elecs. for Imaging, Inc. v. Coyle*,

340 F.3d 1344, 1349 (Fed. Cir. 2003).

Under the Due Process Clause, courts may exercise either general or specific jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984). General personal jurisdiction is established where a defendant's activities in the forum state are "continuous and systematic" even if the cause of action has no relation to those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78, 105 S. Ct. 2174, 2182 (1985). Specific personal jurisdiction is established if the defendant has "minimum contacts" with the forum state that, although not "continuous and systematic," are sufficiently related to the cause of action "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Coyle*, 340 F.3d at 1350 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)). Due process therefore requires that the defendant have fair warning that a particular activity may subject it to jurisdiction in the forum state. *Burger King*, 471 U.S. at 472.

A party may always consent to a court's jurisdiction. Consent may be manifested by a forum-selection clause. Even in the absence of minimum contacts, a contract clause that requires that parties submit to the jurisdiction of a particular state, regardless of their residence is enforceable where such provisions have been freely negotiated. *See Monsanto Co. v. McFarling*, 302 F.3d 1291, 1294 (Fed. Cir. 2002). Forum-selection clauses are presumed valid and will be enforced unless it would be unreasonable and unjust. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 1916 (1972).

In the Federal Circuit, a three-part test is used to determine whether the defendant has "minimum contacts" with the forum state sufficient for specific jurisdiction: (1) The nonresident defendant must purposefully direct its activities at, or consummate some transaction with, the forum or resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable and fair. *Akro Corp. v. Luker,* 45 F.3d 1541, 1545 (Fed. Cir. 1995). There is a presumption of reasonableness if the defendant purposefully directed its activities at forum residents. *See Id.*

The "purposeful availment" requirement involves a determination as to whether "defendant's conduct and connection with the forum State are such that it should reasonably anticipate being haled into court there." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567 (1980). The defendant may not be haled into the jurisdiction through fortuitous contacts or by the unilateral activity of another party. *Id.* The second prong of the *Coyle* test requires that the claim arise out of the defendant's forum-related activities. Finally, in order to evaluate whether the exercise of personal jurisdiction would reasonable and fair, the third prong of the *Coyle* test, five factors are balanced to help guide a court's decision: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining relief; (4) the judiciary's interest in efficient resolution of controversies; and (5) the interest of all states in furthering social

policy.[1]  *Coyle,* 340 F.3d at 1352 (citing *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1363 (Fed. Cir. 2001)).

Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party that invoked jurisdiction.  Plaintiff therefore bears the burden of proof on the necessary jurisdictional facts.  *See Id.* at 1350.  When a defendant's motion to dismiss is made as its initial response, the plaintiff only needs to make a prima facie showing that personal jurisdiction exists.  *Id.* at 1349.

### B. Venue

Federal Rule of Civil Procedure 12(b)(3) allows a party to move for dismissal based on improper venue.  Venue is proper in a district for a case arising under federal questions, except as otherwise provided by special venue rules, where: (1) any defendants resides if all defendants in the same state; (2) a substantial part of events or omissions occurred which is the basis of the action, or "a substantial part of the property that is the subject of the action is situated;" or (3) if neither of the first two prongs apply, then where any defendant is found.  28 U.S.C. § 1391(b).  Under 28 U.S.C. § 1391(b)(3), a "defendant is found" where he is subject to personal jurisdiction.  *See Nissan Motor Co. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000). A corporation is deemed to reside where "its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."  28 U.S.C. § 1391(c).

The burden is on the plaintiff to show that venue is proper.  *See Nissan Motor Co. v. Nissan Computer Corp*., 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000) (noting that "most courts hold that the plaintiff bears the burden of establishing proper venue").  This burden is satisfied where the plaintiff provides a "prima facie showing of proper venue."  *Id*., 89 F. Supp. 2d at 1161.  The Court need not accept the pleadings as true, and may look to facts outside of the pleadings.  *Murphy v. Schneider Nat'l, Inc*., 362 F.3d 1133, 1137 (9th Cir. 2004).  If the Court determines that the Rule 12(b)(3) motion is sufficient, the Court must either dismiss or, "in the interest of justice," transfer the case.  28 U.S.C. § 1406(a).  In forum selection clauses: the Court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.  *Id*. at 1138.

## III. DISCUSSION

### A. General Jurisdiction

As noted above, general jurisdiction will be found to exist if the Defendant's activities in

---

[1] This test is similar to, but not identical to, the seven factor test applied in the Ninth Circuit.  *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003).

the forum state are "continuous and systematic" even if the cause of action has no relation to those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78, 105 S. Ct. 2174, 2182 (1985). Such contacts must be "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318, 66 S. Ct. 154, 158 (1945).

In this case, LCI is not incorporated or licensed to conduct business in the State of California ("California"). LCI also has also not consented to jurisdiction in California. While its wholly-owned subsidiary, LHIW, does operate retail stores in California, a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes. *Doe v. Unocal*, 248 F.3d 915, 925 (9th Cir., 2001).[2]

Lusa argues that LCI's contacts with California are continuous and systematic because LCI issued several purchase orders to Lusa in 2006, wherein it instructed Lusa ship goods to retail outlets in the California, among other places. In so arguing, Lusa notes that LCI paid for these goods, LCI employees oversaw the supply of individual outlet displays by its vendors, and that employees of LCI communicated with vendors to provide sales data and sales reports. However, the mere issuing of purchase orders (and the overseeing of the order process) is insufficient to warrant an assertion of general jurisdiction over a company like LCI, which has no legal or physical presence in California. *See, e.g. Helicopteros*, 466 U.S. at 411, 418 (finding no general jurisdiction in Texas even though the defendant corporation purchased approximately 80% of its fleet of helicopters from a Texas company and noting that "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a non-resident corporation in a cause of action not related to those purchase transactions.")

### B. Specific Jurisdiction

As noted above, a three-part test is employed in determining whether the defendant has "minimum contacts" with the forum state sufficient for specific jurisdiction: (1) The nonresident defendant must purposefully direct its activities at, or consummate some transaction with, the forum or resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable and fair. *Akro Corp.,* 45 F.3d at 1545. This test is conjunctive, rather than disjunctive.

LHIW, not LCI, sold the lighting fixtures that allegedly infringed on Lusa's patent. However, LCI was responsible for selecting which products LHIW sold. Indeed, payment for Lusa's

---

[2] A subsidiary's contacts may only be imputed to the parent where the subsidiary is the parent's alter ego or general agent. *Doe*, 248 F.3d at 928-30.

shipments were made not to LHIW but to LCI.  Therefore, the Court is inclined to hold that the infringement claim arises out of the defendant's forum-related activities.

The "purposeful availment" requirement involves a determination as to whether "defendant's conduct and connection with the forum State are such that it should reasonably anticipate being haled into court there." *World Wide Volkswagen*, 444 U.S. at 297.  Because LCI made numerous purchase orders for Lusa's products and delivered them to LHIW for sale (through Amex Lighting, Inc.), it should have foreseen the possibility of being haled into a California court should the products at issue infringe on a U.S. patent.

As noted above, five factors are balanced in order to determine whether the exercise of jurisdiction would be reasonable and fair: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the  plaintiff's interest in obtaining relief; (4) the judiciary's interest in efficient resolution of controversies; and (5) the interest of all states in furthering social policy.  *Coyle,* 340 F.3d at 1352 (citing *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1363 (Fed. Cir. 2001)).  In this case, prong one weighs against finding jurisdiction.  LCI includes a forum selection clause in all of its buying agreements for the specific purpose of avoiding being haled into *any* state in which its subsidiaries or suppliers do business.  By the same token, LCI is a very large company that certainly has the resources to litigate in California, particularly given the modern advances in communication and transportation that have reduced the burden of litigating outside of one's home state.  *Sinatra v. National Enquirer, Inc*. 854 F.2d 1191, 1199 (9th Cir., 1991).

While prongs three and five do not weigh heavily in this case, prongs two and four weigh in favor of finding jurisdiction.  Case No. SACV07-0674-DOC(MLGx), which is currently set for trial in this Court on November 4, 2008, involves the same claim of patent infringement.  Thus, it would be more efficient for Lusa's infringement claim to be litigated in one state, rather than two.  Further, California's interest in providing a forum in which its citizens can obtain relief is obvious.

For the reasons above, the Court is inclined to hold that it has specific jurisdiction over LCI.  However, the Court need not resolve this matter as it finds venue improper in the instant case.

### C. Venue

Forum selection clauses are "presumptively valid" and thus "should be honored 'absent some compelling and countervailing reason.'"  *Murphy*, 362 F.3d at 1140 (quoting *Bremen,* 407 U.S. 1, 12 (1972)); *Monsanto*, 302 F.3d  at 1295 ("Forum selection clauses are valid and accepted unless they are clearly unreasonable or fraudulent").  In order to rebut a forum selection clause, the party challenging the clause must "clearly show that enforcement would be unreasonable and unjust, or that

the cause was invalid for such reasons as fraud or over-reaching." *Id*. (quoting *Bremen*, 407 U.S. at 15).

The current dispute centers around products – purchased from Lusa under the Agreement and sold in LHIW retail stores pursuant to the Agreement – that allegedly infringe on Patent '413. Thus, the dispute arises under the Agreement and, as such, its forum selection clause is invoked in the current dispute. Under the Agreement the parties agreed to the following:

> This Agreement shall be construed and enforced in accordance with the laws of the State of North Carolina, USA. The parties agree that the courts within the State of North Carolina will have exclusive jurisdiction with venue being in Wilkes County, State of North Carolina, USA. Vendor in executing this Agreement, hereby submits itself to the jurisdiction of the federal and state courts of the State of North Carolina, USA.

This forum selection clause unequivocally requires that the current dispute be adjudicated in North Carolina.

### (1) The Forum Selection Clause is Reasonable

Lusa has not alleged that the Agreement was procured by fraudulent means. Rather, Lusa seeks to demonstrate that the forum selection clause was unreasonable because it was presented to Lusa on a take-it-or-leave-it basis. First, this allegation alone is not enough to demonstrate that the Agreement was adhesive. *See, e.g.*, *Furda v. Superior Court*, 161 Cal.App.3d 418, 426 (1984)(citing *Neal v. State Farm Ins. Cos.*, 188 Cal.App.2d 690, 694 (1961)). Second, "[e]ven if the [forum selection] clause were adhesive, it would be fully enforceable absent a showing that it was outside the reasonable expectations of the weaker or adhering party or that enforcement would be unduly oppressive or unconscionable." Plaintiff has not put forth any evidence that adjudicating this case in North Carolina would be "unduly oppressive or unconscionable," nor has Plaintiff shown that it was unreasonable for them to expect – after reading and signing the Agreement – that the present dispute would be adjudicated in North Carolina.

Lusa vehemently argues against a provision of the Agreement which may serve to indemnify LCI against suits for patent infringement. Lusa argues that this clause is void as against federal policy. However, the validity of this clause is not before the Court at this time. Before this issue may be addressed, the Court must first decide whether or not it may adjudicate this dispute at all. Finding that venue is not proper in this Court, the Court leaves it to the courts of North Carolina to resolve any disputes related to the patent clauses contained in the Agreement.

### IV. OUTCOME

   For the reasons stated above, Defendant's Motion to dismiss for improper venue is hereby GRANTED.  The Clerk shall serve this minute order on all parties to the action.

MINUTES FORM 11 DOC                                             Initials of Deputy Clerk _kh_  
CIVIL - GEN                                                               Page 8 of 8